# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

———— ·→·•·←· ————

HENRY SPAULDING & another, administrators, in equity, *vs.*
NATHAN A. FARWELL & others.

Knox.    Opinion June 5, 1879.

*Equity.    Actions of account.    Statute of limitations.*

By R. S., c. 81, § 79, actions of account between co-tenants, and bills in equity in analogous cases, are not subject to the six years limitation, but to the general limitation, only, of twenty years, under § 86 of that chapter; but this court, in equity, may deny a complainant's right to maintain his bill, in proper cases, on the ground of his laches, although the time that has elapsed before the commencement of proceedings is less than the statute limitation.   *Lawrence* v. *Rokes*, 61 Maine, 38, re-affirmed.

BILL IN EQUITY, heard on bill, answer and proofs.

The bill is dated May 15, 1869, and was brought by William McLoon, of Rockland, in the county of Knox, merchant, now deceased, and is prosecuted by the plaintiffs as his legal representatives.   The facts are recited in the opinion.

*A. P. Gould*, for the plaintiffs.

*Peter Thacher*, for defendants (Farwell and Cobb), contended that, inasmuch as the statute of limitations has been specifically pleaded, by incorporation of such plea in the answer under the

rules of court, it is a bar to plaintiffs' recovery; and cited 2 Greenl. Ev., (4 ed.) § 34. *Farnum* v. *Brooks*, 9 Pick. 242. *Johnson* v. *Ames*, 11 Pick. 181. *Dodge* v. *Essex Ins. Co.*, 12 Gray, 71. Story Eq. Juris. (4 ed.) § 751.

Courts of equity never interfere to grant either relief or discovery after an unreasonable lapse of time, such as this case presents. Story Eq. Plead. (4 ed.) § 756, *a*. *Reed* v. *Wilkinson*, 2 Wash. (C. C.) 93. *Clementson* v. *Williams*, 8 Cranch. 72. *Bell* v. *Morrison*, 1 Pet. 351. *Jones* v. *Moore*, 5 Binn. 580. *Bangs* v. *Hall*, 2 Pick. 368. *Gardner* v. *Tudor*, 8 Pick. 206. *Bailey* v. *Crane*, 21 Pick. 323. *Phelps* v. *Stewart*, 12 Vt. 263.

In the view taken by the court, other citations in the very elaborate brief of the defendants' counsel are deemed unnecessary.

LIBBEY, J. The complainant in his bill alleges that he and the defendants were owners in common of the ship Amelia from the first day of May, 1862, to the first day of June, 1863, when she was sold by the owners; that the portion owned by each was as follows: the complainant, Farwell and Cobb owned one-eighth each, Timothy Williams and Austin Williams one-fourth each, and Titcomb and Sumner one-sixteenth each; that during all that time, and for a long time previous thereto, said Farwell was duly appointed and constituted agent for the ship and acted as ship's husband; that between said first day of May, 1862, and the first day of June, 1863, the ship earned large sums of money, which came into the hands of said Farwell as agent as aforesaid, but he is unable to state how much, as no account thereof has been rendered to him by said Farwell, though he has been informed portions thereof were divided among the other part owners of the ship, but in what proportions and in what sums he is unable to state.

And he further alleges that he is informed and believes that there is a large sum due from said Cobb to said owners, and especially to him, for the freight upon, or the proceeds of, a cargo of lime which was shipped from Rockland to New Orleans on board said ship, during said period.

The prayer of the bill is that the defendants may be required

to account with the complainant, and pay over to him his share of the net earnings of the ship.

The bill was commenced May 15, 1869.

The defendant Farwell, in his answer, admits the ownership of the ship, and that he was agent thereof and acted as ship's husband as alleged in the bill; and alleges that as such agent he accounted with the complainant and the other owners for the earnings of said ship received by him, May 13, 1860, and paid over to the complainant his just proportion thereof; that he made the disbursements and received the earnings of the ship in his said capacity from that time to May 9, 1862, when the accounts were adjusted, and a balance was found due the owners of $2,579.33, the complainant's share thereof being $322.39, as appears by an account annexed marked A; that he continued to make the disbursements and received the earnings of the ship in his said capacity till November 4, 1862, when the accounts were again adjusted, and there was found due the owners the further sum of $4,968.60, the complainant's share thereof being $621.07, as appears by the account annexed marked B; that on said May 9, 1862, and November 4, 1862, he accounted with all the owners except the complainant for the sums then found due, and paid to each his proportional share thereof. He admits that he did not pay over to the complainant his share of said sums, and has not paid him such share or any part thereof; and he alleges that on said May 9 and November 4 he did expressly decline and refuse to pay to the complainant the sums aforesaid which became due to him on those days. He further alleges that all the earnings of said ship which came into his hands from November 4, 1862, to June 1, 1863, were accounted for and divided among the owners, and that he paid to the complainant his just proportion thereof.

In bar of the complainant's right to an account he sets up the statute of limitations.

The defendant Cobb, in his answer, admits the ownership of the ship as stated in the bill, and admits that in July, 1862, certain funds belonging to the assignees of the cargo of lime shipped in said vessel to New Orleans came into his hands; and on or about September 1, 1862, he appropriated $1,200 thereof as the

net profit of said cargo, belonging to the ship, and divided the same among the owners, and in the fall of that year paid over to some of the owners their share thereof; that the complainant's share was $150, which he did not pay and has not paid over to him. He alleges that, since the bill was brought, the complainant informed him that he did not claim to recover anything of him in this suit; that he had no claim against him, and that the only reason why he was made a defendant was because it was necessary as he was a part owner. He does not allege that he had ever informed the complainant that he had received said sum, or had any money in his hands belonging to him. He also sets up the statute of limitations as a bar to the complainant's right to an account.

No question arises as to the other defendants.

The contention between the parties is whether the suit is barred by limitation, or the complainant has lost his right to maintain it by reason of his laches.

It is claimed by the learned counsel for the defendants that this suit in equity is analogous to an action of account at law between co-tenants, which, it is said, is barred in six years; and that this court, sitting in equity, should apply the same limitation.

This proposition raises the question in the outset, whether, under the statutes of this state, actions of account at law are now subject to the six years limitation.

We think they are not. By statute of 1821, c. 62, § 7, "All actions of account . . other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants," shall be commenced within six years.

In the revision of 1841, c. 146, § 1, both actions of account and the exception of merchants' accounts are omitted from the six years limitation, and the only limitation applicable to actions of account found in that revision is the general limitation of twenty years. The statutes have been twice revised since, and, though the action of account is not obsolete in this state, (*Closson* v. *Means*, 40 Maine, 337; *Black* v. *Nichols*, 68 Maine, 227,) the provisions of the statute of 1821 have never been re-enacted. This change in the statute is too marked and material to be

deemed unintentional. The attention of this court was called to this change of the statute in *Lawrence* v. *Rokes*, 61 Maine, 38, and Barrows, J., in the opinion of the court, says : " It may fairly be doubted whether actions of account at law and the analogous remedy in equity by bill to compel an account can now be considered subject to any other than the general twenty years limitation of all personal actions on any contract."

For the reasons above stated we feel clear that these remedies are not subject to the six years statute limitation, and that, therefore, the defense, so far as it rests upon that ground, fails.

But this court, in equity, is not bound to apply the limitation of actions at common law in analogous cases. It may deny the complainant's right to maintain his bill, in proper cases, on the ground of his laches, although the time that has elapsed before the commencement of proceedings is less than the statute limitation. In *Lawrence* v. *Rokes, supra,* Barrows, J., declares the rule as follows : "While the court, in equity, will ordinarily give full effect to the statute of limitations affecting actions at law in analogous cases, it must be remembered that in so doing (to use the language of Shaw, C. J., in *Phillips* v. *Rogers*, 12 Met. 411,) it acts in obedience to the spirit of the statute of limitations, and rather adopts the reason and principles on which, as positive rules, they are founded, than the rules themselves."

" Accordingly, if by the laches and delay of the complainant it has become doubtful whether the other parties can be in a condition to produce the evidence necessary to a fair presentation of the case on their part, or it appears that they have been deprived of any just advantage which they might have had if the claim had been put forward before it became stale and antiquated ; or if they be subjected to any hardship which might have been avoided by more prompt proceedings, although the full time may not have elapsed which would be required to bar any remedy at law, the court will deal with the remedy in equity as if barred ; and on the other hand where it appears beyond question or dispute that lapse of time has not in fact changed the condition or position of the parties in any important particular, and there are any peculiar circumstances entitled to consideration as excusing

the delay, they will not refuse appropriate relief, although a strict and unqualified application of limitation rules might seem to require it." A similar rule is enunciated in *Sullivan* v. *Portland & Kenn. R. R. Co.*, 94 U. S. 806.

By the complainant's delay the defendants have lost no evidence necessary to a fair presentation of the case on their part; they have been deprived of no just advantage which they would have had if the claim had been sooner put in suit, and they have been subjected to no hardship which might have been avoided by more prompt proceedings. They admit the receipt of the money and the complainant's just share of it as part owner; that they never have paid it to him, and assign no just reason why they should not pay it.

Farwell, by his appointment as ship's husband, occupied a position of express trust as to his co-tenants, and continued to occupy that position till June 1, 1863, less than six years prior to the commencement of the suit; and he shows no just reason why he should not account to his *cestui que trust* for the trust funds in his hands belonging to him.

Cobb never informed the complainant, so far as appears, that he had appropriated the funds which came into his hands, in payment of the earnings of the ship, and rendered him no account thereof, which may excuse the delay in proceeding against him.

We see no equitable grounds on which the defendants should not be required to account. Farwell should be charged with interest from the times the dividends of the earnings were made and withheld from the complainant, and Cobb should be charged with interest from the commencement of the suit.

A master may be appointed at *nisi prius* to state and report the accounts between the parties, if they do not agree upon the amount for which the defendants should be charged.

*Decree accordingly.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.